IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PABLO RODRIGUEZ,
      Petitioner,

vs.                          Case No. 5:12cv32/RS/CJK

UNITED STATES OF AMERICA,
      Respondent.

---

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Middle District of Pennsylvania in *United States v. Rodriguez*, Case Number 4:06cr357/JEJ-1. (Doc. 1, p. 2). In Case No. 4:06cr357, petitioner pleaded guilty plea to possessing contraband (a narcotic – heroin) in prison, in

violation of 18 U.S.C. § 1791(a)(2).  (*Id.*).  Petitioner was adjudicated guilty and sentenced on February 1, 2007, to 27 months imprisonment (to run consecutively to the sentence petitioner was serving at the time he committed the violation) followed by 2 years of supervised release.  *See United States v. Rodriguez*, Case Number 4:06cr357, Judgment at Doc. 21.  The statutory maximum term of imprisonment for petitioner's offense was 20 years imprisonment.  18 U.S.C. § 1791(b)(1).  Petitioner did not directly appeal from the judgment of conviction. (Doc. 1, p. 2).  Petitioner has not collaterally attacked his conviction or sentence under 28 U.S.C. § 2255.  (*Id.*).

In this habeas proceeding, petitioner attacks his sentence on the grounds that he should not have received four criminal history points under U.S.S.G. 4A1.2(d)(2)(A) for two prior North Carolina convictions.   (Doc. 1, pp. 3-4; Doc. 2, pp. 5-6).  Petitioner argues that the imposition of these points caused his Advisory Guidelines range to be criminal history category V instead of IV, resulting in a sentence that is "procedurally unreasonable."  (Doc. 2, p. 3).  As relief, petitioner requests that his sentence be corrected.  (*Id.*, p. 6).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c).");

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction. *Sawyer*, 326 F.3d at 1365; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Under limited circumstances, § 2255 permits a federal prisoner to file a habeas petition under § 2241. 28 U.S.C. §§ 2241(a), 2255. Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The italicized language, known as the "savings clause," allows habeas corpus review of a claim, but only in the following circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause applies only if the petitioner has satisfied all three elements. *Id.* This showing is significant, because a prisoner does not "open the portal" to a § 2241 proceeding until he has demonstrated that the savings clause applies to him. *Id.* at 1244 n. 3; *McGhee*, 604

F.2d at 10. ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").  The unavailability of relief under § 2255 because of a statute of limitations bar, the prohibition against a second or successive § 2255 motion, or a procedural bar, does not demonstrate that the § 2255 remedy is inadequate or ineffective.  *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.").

Here, petitioner's  claims are § 2255 claims, because petitioner challenges the validity of his sentence as imposed, not how his sentence is being executed.  Petitioner states that the remedy under § 2255 is inadequate or ineffective because:

> At the time of Petitioner's conviction, settled law established the legality of the sentence.  Subsequent to the time the Petitioner had for a direct appeal or § 2255 motion, the U.S. Supreme Court and the Fourth Circuit Court of Appeals determined that a prior offense used to determined the Petitioner's guideline range is not proper.  The prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.  The Petitioner, therefore, qualifies to file a motion under 28 U.S.C. § 2241(c)(3).

(Doc. 2, p. 2; *see also* p. 3 (discussing *Simmons v. United States*, 130 S. Ct. 3455 (2010), and *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011)).  Petitioner cites *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) for the proposition that § 2241 may be used as a substitute for § 2255 when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law negated."  (Doc. 2, p. 2).  Petitioner's argument should be rejected.

First, *In re Dorsainvil* did not involve a sentencing claim. *Dorsainvil* involved an intervening change in the law that potentially made the crime for which that petitioner was convicted non-criminal. The Third Circuit has declined to extend *Dorsainvil* to sentencing claims. *See Okereke v. United States*, 307 F.3d 117, 120-21 (3rd Cir. 2002) (addressing pre-*Booker* sentencing claim) ("Unlike the intervening change in law in *In re Dorsainvil* [119 F.3d 245, 251 (3rd Cir. 1997)] that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* [ *v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)] dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal."); *see also United States v. Kenney*, 391 F. App'x 169, 172 (3rd Cir. 2010) (unpublished) (explaining that under the *Okereke* decision, the savings clause and § 2241 relief "is available only in 'rare situations' where the crime of conviction was later deemed non-criminal" and "is not available for intervening changes in the sentencing law").

Another reason for rejecting petitioner's argument is that the Eleventh Circuit in *Wofford* declined to follow *In re Dorsainvil*, *supra* in interpreting the savings clause. *See Wofford*, 177 F.3d at 1244-45. Moreover, the Eleventh Circuit recently held in *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), that the savings clause does not apply to sentencing-error claims, even though the claim may no longer be raised in a § 2255 motion and the defendant's position has been vindicated by a subsequent change in the law, absent an allegation that the sentencing guidelines were misapplied in a way that resulted in a sentence exceeding the statutory maximum. *Id.*, at 1323-24.

Here, petitioner was not convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is

nonexistent.  Petitioner's claims are sentencing claims that do not fall within the savings clause, because petitioner does not allege, and the record does not support a finding, that the addition of four criminal history points resulted in a sentence that exceeded the statutory maximum.  Petitioner has not demonstrated the inadequacy of the § 2255 remedy, and should not be permitted to bring his claims by § 2241.

The Court declines to construe petitioner's § 2241 petition as a § 2255 motion, because that would be futile, providing no relief here.  Petitioner received his federal sentence in the Middle District of Pennsylvania, and a § 2255 motion must be filed in the "court which imposed the sentence."  28 U.S.C. § 2255(a); *see Medberry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted").  Even if this Court were to construed the § 2241 petition as a § 2255 motion, this Court lacks jurisdiction over the motion and would be required to dismiss the case.  *See Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have obtained relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Petitioner requests, in his supporting memorandum, that this Court transfer this case to the Middle District of Pennsylvania.  Title 28 U.S.C. § 1631 allows a district court to transfer a case over which it lacks jurisdiction if such a transfer is "in the interest of justice."  However, a significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the litigant from relief in the proper court.  *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (holding that the interests of justice did not warrant a § 1631 transfer of a prisoner's habeas petition because, after the district court had dismissed his petition, the prisoner had three

months within the limitations period in which to properly re-file the petition, and the magistrate's report and recommendation notified the prisoner of the necessary procedure for doing so).

Here, it appears petitioner allowed the § 2255 limitations period to lapse well before he filed this § 2241 petition.  Even if time remained on the limitations period, the undersigned has issued this Report and Recommendation a mere four days after it was filed (nine days after petitioner delivered his petition to prison officials for mailing).  This Report and Recommendation puts petitioner on notice that his sentencing errors claims are § 2255 claims that must be raised in the Middle District of Pennsylvania, and affords petitioner timely opportunity to attempt to pursue his claims in the sentencing court.  *See, e.g., Partee v. Attorney Gen., Georgia*, No. 11-10792, 2012 WL 89872 (11th Cir. Jan. 11, 2012) (district court did not err in declining to construe § 2254 petition as § 2255 motion and in dismissing petition instead of transferring case; if habeas petition were construed as § 2255 motion, district court lacked jurisdiction over motion, and would have had to transfer suit to district in which federal sentence was imposed, but interest of justice did not warrant transfer of construed motion).

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED, as petitioner has not demonstrated entitlement to proceed under that section.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 17th day of February, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).